MARK SCOGGINS
SCOGGINS LAW OFFICE, LLC
2nd Floor, MIC Building, Chalan Monsignor Guerrero
San Jose Village
P.O. Box 501127
Saipan MP 96950
Telephone No.: (670) 234-7455 / 234-7427
Facsimile No. (670) 234-7256

Attorney for Petitioner, J.M. Aquino, P.C.

F I L E D
Clerk
District Court

JUN 03 2020

for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| J.M. AQUINO, P.C.,<br><br>   Plaintiff/Petitioner,<br><br>vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>   Defendant/Respondent. | Civil Case No. 1:20-CV-00009<br><br>**PETITION TO COMPEL ARBITRATION AND COMPLAINT FOR DAMAGES** |

Pursuant to 9 U.S.C. §4 of the Federal Arbitration Act, Petitioner J.M. Aquino, P.C. hereby petitions this Court and for an order compelling Respondent Imperial Pacific International (CNMI), LLC to arbitrate a dispute with J.M. Aquino, P.C. Additionally J.M. Aquino, P.C. brings a complaint for damages under an agreement not subject to arbitration. In support of the petition and complaint, J.M. Aquino, P.C. alleges the following:

### Jurisdiction & Venue

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332.

2. This Court is the proper venue for this matter in accordance with 28 U.S.C. §1391(b)(2).

### Parties

3. Plaintiff / Petitioner J.M. Aquino, P.C. is a professional corporation licensed and providing engineering and consulting services in the Commonwealth of Northern Mariana Islands and Guam.

4.   Defendant / Respondent Imperial Pacific International (CNMI), LLC (IPI) is a limited liability company organized under the laws of the CNMI.

5.   At all times relevant to this matter, the member of IPI (CNMI), LLC has residence in the United States Virgin Islands.

### Facts

**J.M. Aquino, P.C. 's Complaint for Damages – First Agreement**

6.   In June of 2016, J.M. Aquino, P.C. entered into an agreement ("first agreement") with IPI under which J.M. Aquino, P.C. agreed to provide superstructural inspection services for IPI's casino project in Garapan.

7.   The first agreement is a binding and enforceable contract between J.M. Aquino, P.C. and IPI.

8.   J.M. Aquino, P.C. performed under the terms of the first agreement in good faith.

9.   IPI has failed to pay amounts owed under the first agreement in an amount well in excess of $75,000.

10.   IPI has breached the first agreement with J.M. Aquino, P.C. to J.M. Aquino, P.C.'s damage.

11.   In the alternative, should the Court find that all or part of the agreement between J.M. Aquino, P.C. and IPI is unenforceable, IPI is unjustly enriched by the services that J.M. Aquino, P.C. provided to IPI.

12.   The first agreement is not subject to any arbitration requirement.

**J.M. Aquino, P.C. Petition to Compel Arbitration – Consulting Agreement**

13.   In approximately November of 2016, J.M. Aquino, P.C. was hired to perform consulting services ("second agreement") to IPI related to traffic signals, roadways, and water quality at IPI's resort construction on Saipan.

14.   The second agreement is a binding and enforceable contract between J.M. Aquino, P.C. and IPI.

15.   J.M. Aquino, P.C. performed under the terms of the second agreement in good faith.

16. IPI has failed to pay amounts owed under the second agreement in an amount well in excess of $75,000, and in fact under the first and second agreement, IPI now owes J.M. Aquino, P.C. an amount in excess of $300,000, plus interest.

17. The second agreement contains an arbitration provision.

18. J.M. Aquino, P.C. Corporation has demanded arbitration but IPI has ignored this demand.

19. Section 4 of the Federal Arbitration Act ("FAA") provides that

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, <u>for an order directing that such arbitration proceed in the manner provided for in such agreement</u>.

*Geographic Expeditions, Inc., v. Estate of Jason Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) citing 9 U.S.C. §4, emphasis added. The FAA further provides that "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. §4.

### **Prayer for Relief**

WHEREFORE, Petitioner / Plaintiff J.M. Aquino, P.C. complains and petitions this Court for the following relief:

1. In accordance with 9 U.S.C. §4, an order directing IPI to proceed with arbitration with J.M. Aquino, P.C. as required by the second agreement;

2. For an award of actual damages in favor of J.M. Aquino, P.C. and against IPI under the first agreement in an amount to be proven at trial;

3. For an award of consequential damages in favor of J.M. Aquino, P.C. and against IPI related to the first agreement in an amount to be proven at trial;

4. For an award of pre and post-judgment interest as may be allowed by law or contract;

5. For an award of attorney's fees as may be allowed by law or contract; and

6.  For such other and further relief as this Court deems just and equitable.

Respectfully submitted this 2nd day of June, 2020.

_____
MARK A. SCOGGINS
Attorney for J.M. Aquino, P.C.